**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| LINDA M. DAVID,<br><br>　　　　　　Plaintiff,<br>　　　v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner, Social Security<br>Administration,<br><br>　　　　　　Defendant. | No. CV 06-5563 CW<br><br>DECISION AND ORDER |

　　The parties have consented, under 28 U.S.C. § 636(c), to the jurisdiction of the undersigned Magistrate Judge.  Plaintiff seeks review of the Commissioner's denial of disability benefits.  As discussed below, the court finds that the Commissioner's decision should be reversed and this matter remanded for further proceedings.

**I.　BACKGROUND**

　　Plaintiff Linda David was born on April 16, 1947, and was fifty-seven years old at the time of her latest administrative hearing. [Administrative Record, "AR," 127, 266.]  She has one year of college education and past relevant work experience as a courier. [AR 271-72.]

Plaintiff alleges disability owing to depression and pain in her neck, shoulders, back and left lower extremity. [AR 133.]

## II.   PROCEEDINGS IN THIS COURT

Plaintiff's complaint was filed on September 5, 2006.  On March 27, 2007, defendant filed an answer and plaintiff's Administrative Record ("AR").  On May 22, 2007, the parties filed their Joint Stipulation ("JS") identifying matters not in dispute, issues in dispute, the positions of the parties, and the relief sought by each party.  This matter has been taken under submission without oral argument.

## III.   PRIOR ADMINISTRATIVE PROCEEDINGS

Following an auto accident in 1987, plaintiff was awarded Title II disability insurance benefits ("DIB") pursuant to an administrative decision dated August 15, 1989. [AR 77.]  Years later, after a medical improvement review, it was determined that plaintiff's disability had ceased as of January 1995, and benefits were terminated pursuant to an administrative decision dated October 14, 1999. [Id.]  Plaintiff did not appeal this decision. [Id.]

Plaintiff again applied for DIB on December 5, 2002, alleging disability since March 29, 2002. [AR 127.]  An administrative hearing was held on November 22, 2004, before Administrative Law Judge ("ALJ") London Steverson.  [AR 266.]  Plaintiff appeared with counsel and testified. [Id.]  In a decision dated January 21, 2005, the ALJ denied benefits, finding that the presumption of continuing non-disability created by the earlier administrative decision had not been rebutted. [AR 77-81.]  When the Appeals Council denied review on June 30, 2006, the ALJ's decision became the Commissioner's final decision. [AR 5.]

### IV. STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The Commissioner's (or ALJ's) findings and decision should be upheld if they are free of legal error and supported by substantial evidence. However, if the court determines that a finding is based on legal error or is not supported by substantial evidence in the record, the court may reject the finding and set aside the decision to deny benefits. See Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001); Tonapetyan v. Halter, 242 F.3d 1144, 1147 (9th Cir. 2001); Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999); Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998); Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); Moncada v. Chater, 60 F.3d 521, 523 (9th Cir. 1995)(per curiam).

"Substantial evidence is more than a scintilla, but less than a preponderance." Reddick, 157 F.3d at 720. It is "relevant evidence which a reasonable person might accept as adequate to support a conclusion." Id. To determine whether substantial evidence supports a finding, a court must review the administrative record as a whole, "weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Id. "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Reddick, 157 F.3d at 720-721; see also Osenbrock, 240 F.3d at 1162.

### V. DISCUSSION

#### A. THE FIVE-STEP EVALUATION

To be eligible for disability benefits a claimant must demonstrate a medically determinable impairment which prevents the

claimant from engaging in substantial gainful activity and which is expected to result in death or to last for a continuous period of at least twelve months. Tackett, 180 F.3d at 1098; Reddick, 157 F.3d at 721; 42 U.S.C. § 423(d)(1)(A).

Disability claims are evaluated using a five-step test:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Part 404, Subpart P, Appendix 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995, as amended April 9, 1996); see also Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987); Tackett, 180 F.3d at 1098-99; 20 C.F.R. § 404.1520, § 416.920. If a claimant is found "disabled" or "not disabled" at any step, there is no need to complete further steps. Tackett, 180 F.3d 1098; 20 C.F.R. § 404.1520.

Claimants have the burden of proof at steps one through four, subject to the presumption that Social Security hearings are non-adversarial, and to the Commissioner's affirmative duty to assist claimants in fully developing the record even if they are represented by counsel. Tackett, 180 F.3d at 1098 and n.3; Smolen, 80 F.3d at 1288. If this burden is met, a prima facie case of disability is made, and the burden shifts to the Commissioner (at step five) to

prove that, considering residual functional capacity ("RFC")[1], age, education, and work experience, a claimant can perform other work which is available in significant numbers. Tackett, 180 F.3d at 1098, 1100; Reddick, 157 F.3d at 721; 20 C.F.R. § 404.1520, § 416.920.

### B. THE ALJ'S EVALUATION IN PLAINTIFF'S CASE

Here, the ALJ found that plaintiff had not engaged in substantial gainful activity since her alleged disability onset date (step one); that plaintiff had non-severe bilateral carpal tunnel syndrome and cervical disc disease with spondylosis and severe depression (step two); and that plaintiff did not have an impairment or combination of impairments that met or equaled a "listing" (step three). [AR 81.] Plaintiff was found to have an RFC limited only by a slight to mild impairment related to her ability to interact appropriately with other people. [Id.] The ALJ found that this would not preclude plaintiff from returning to her past relevant work as a courier (step four). [Id.] Accordingly, plaintiff was found not "disabled" as defined by the Social Security Act. [Id.]

### C. ISSUE IN DISPUTE

The parties' Joint Stipulation identifies the following disputed issue:

Whether the ALJ's finding that plaintiff failed to rebut the continuing presumption of non-disability was supported by substantial

---

[1] Residual functional capacity measures what a claimant can still do despite existing "exertional" (strength-related) and "nonexertional" limitations. Cooper v. Sullivan, 880 F.2d 1152, 1155 n.s. 5-6 (9th Cir. 1989). Nonexertional limitations limit ability to work without directly limiting strength, and include mental, sensory, postural, manipulative, and environmental limitations. Penny v. Sullivan, 2 F.3d 953, 958 (9th Cir. 1993); Cooper, 800 F.2d at 1155 n.7; 20 C.F.R. § 404.1569a(c). Pain may be either an exertional or a nonexertional limitation. Penny, 2 F.3d at 959; Perminter v. Heckler, 765 F.2d 870, 872 (9th Cir. 1985); 20 C.F.R. § 404.1569a(c).

evidence and free of legal error.

[JS 4.]

### D. The Latest Administrative Decision

As noted above, plaintiff was found not disabled for the purpose of eligibility for DIB and supplemental security income ("SSI") in an administrative decision dated October 14, 1999. [AR 102-06.] Plaintiff did not appeal, but filed a subsequent application for DIB in December 2002, alleging a disability onset date of March 29, 2002. [AR 127.] Plaintiff last met the disability insured status requirement of the Act through June 30, 2003. [AR 80.] Accordingly, at issue is whether plaintiff was disabled during the period of March 29, 2002, to June 30, 2003.

During that period, plaintiff received treatment from Drs. Pramod Multani and Leonard Rawson. [AR 183-86, 187-92, 198, 209, 215, 230-32.] Dr. Multani diagnosed plaintiff with carpal tunnel syndrome (with a need for a surgical referral), cervical radiculopathy, and blurry vision. [AR 209.] After approximately one year of treatment, Dr. Multani filled out a physical residual functional capactiy questionnaire in February 2004 stating that plaintiff's pain and depression made her incapable of even "low stress" jobs and would cause her to be absent from work approximately four times per month. [AR 183-86.]

Dr. Rawson diagnosed plaintiff with depression, lumbar and cervical disc disease as well as spondylosis, and bilateral carpal tunnel syndrome; plaintiff was referred for physical therapy and a psychiatric follow-up. [AR 215.] Dr. Rawson referred plaintiff to a neurologist, Dr. Antoine Mitri. [AR 212.] Dr. Mitri conducted a physical and neurological examination and found that plaintiff

suffered from muscular/tension headaches, myofacial pain syndrome and bilateral carpal tunnel syndrome, moderate to severe. [AR 213.] Dr. Mitri noted a c-spine series showed degenerative disk disease. [AR 225.] After performing an EMG/nerve conduction study, Dr. Mitri ruled out cervical radiculopathy but confirmed that plaintiff had bilateral carpal tunnel syndrome. [AR 222.] Plaintiff was presented with a consent to have a carpal tunnel release, but the surgery was not performed immediately because she could not afford it. [AR 193-94, 215.]

In the latest administrative decision, the ALJ found no new and material evidence to rebut the presumption of non-disability created by the earlier decision pursuant to Chavez v. Bowen, 844 F.2d 691 (9th Cir. 1988). The ALJ did not mention Dr. Rawson's opinion but found that Dr. Mitri's notes indicated the absence of carpal tunnel syndrome because the doctor reported no abnormal related physical findings. [AR 79.] The ALJ also gave great weight to the opinion of Dr. Timothy Ross, an examining orthopedist, who found neither any sign of carpal tunnel syndrome nor any impairment-related physical limitations. [AR 165-69.] Finally, the ALJ rejected Dr. Multani's responses to the RFC questionnaire because it was "not relevant" to the "pertinent period" of the disability evaluation. [AR 80.] Plaintiff contends that these findings are not supported by substantial evidence or the result of legal error.

The principles of res judicata may be invoked to bar a disability claim when the Commissioner has made a previous determination on the claim based on the same facts and issues, and this previous determination has become final by administrative or judicial action. 20 C.F.R. § 416.1457(c)(1); see Lester v. Chater, 81 F.3d 821, 827

(9th Cir. 1995).  A final determination that a claimant is not disabled creates a presumption that the claimant retains the ability to work after the date of the prior administrative decision.  See Schneider v. Commissioner of Social Sec. Admin., 223 F.3d 968, 973 (9th Cir. 2000); Lyle v. Secretary of Health and Human Services, 700 F.2d 566, 567 (9th Cir. 1983).  This presumption of "continuing non-disability" may be overcome by a showing of "changed circumstances," such as an increase in the severity of plaintiff's impairment or the existence of an impairment not considered in the previous application.  See Lester, 81 F.3d at 827-828; Chavez, 844 F.2d at 693.

Here, given the medical record covering the pertinent period of March 29, 2002, to June 30, 2003, the ALJ's finding that there was no evidence of changed circumstances to alter the October 1999 decision was not supported by substantial evidence.  First, the finding that plaintiff's bilateral carpal tunnel syndrome and cervical disc disease with spondylosis were non-severe is contradicted by the findings of Drs. Rawson, Mitri and Multani.  Contrary to the administrative finding, Dr. Mitri confirmed that plaintiff suffered from bilateral carpal tunnel syndrome after performing an EMG/nerve conduction study, and plaintiff had a carpal tunnel release shortly before the administrative hearing, with another one pending. [AR 222, 273.] Moreover, a cervical spine x-ray showed mild to moderate degenerative facet disease, confirming Dr. Rawson's assessment of cervical disc disease, neither of which was mentioned in the decision. [AR 228.] Based on this record, the ALJ erred in finding that plaintiff's bilateral carpal tunnel disease and cervical disc disease, at step two of the sequential evaluation, were not "severe" impairments that had more than a minimal effect on plaintiff's ability to work.  See Webb

v. Barnhart, 433 F.3d 683, 686 (9th Cir. 2005)(describing the step two analysis as a "de minimis screening device [used] to dispose of groundless claims")(quoting Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996)).

Second, the discounting of the treating medical opinions in favor of the contrary opinion of Dr. Ross, the examining orthopedist, was not based on specific and legitimate reasons based on substantial evidence in the record.  The fact that Dr. Ross's opinion – in which he stated that plaintiff had no physical limitations due to an impairment – is contrary to those of Drs. Rawson, Mitri and Multani, is not a legitimate reason, by itself, to discount the treating medical evidence.  See Lester, 81 F.3d at 830 ("Even if the treating doctor's opinion is contradicted by another doctor, the Commissioner may not reject this opinion without providing 'specific and legitimate reasons' supported by substantial evidence in the record for so doing."); Holohan v. Massanari, 246 F.3d, 1195, 1203 (9th Cir. 2001) ("If the treating physician's opinion on the issue of disability is controverted, the ALJ must *still* provide 'specific and legitimate' reasons in order to reject the treating physician's opinion.")(emphasis added).  The administrative decision fails to explain why the opinion of Dr. Ross, who saw plaintiff only once and reviewed none of her treating medical records, is more credible than that of plaintiff's treating physicians.  Accordingly, the decision to accord great weight to Dr. Ross's opinion is not supported by substantial evidence.

Third, the rejection of Dr. Multani's responses to the RFC questionnaire solely because they were not relevant to the pertinent period of plaintiff's DIB eligibility does not acknowledge the

9

possibility that Dr. Multani's opinion was retrospective. The Ninth Circuit recognizes that medical evaluations made after the expiration of the pertinent period of disability may nonetheless be relevant to an evaluation of the pre-expiration condition. See Lester, 81 F.3d at 832; Flaten v. Sec. of Health & Human Servs., 44 F.3d 1453, 1461 n. 5 (9th Cir. 1995)("Retrospective diagnoses by treating physicians and medical experts...are...relevant to the determination of a continuously existing disability with onset prior to expiration of insured status"); Smith v. Bowen, 849 F.2d 1222, 1225 (9th Cir. 1988)("It is obvious that medical reports are inevitably rendered retrospectively and should not be disregarded solely on that basis"). Dr. Multani completed the RFC questionnaire in February 2004, eight months after plaintiff's Title II eligibility had passed but more than one year after he began treating plaintiff. [AR 183-86.] The finding that Dr. Multani's assessment was not relevant to the pertinent period of disability coverage does not take into account that plaintiff has a degenerative condition that was detected by Dr. Multani when he first saw plaintiff. See Kemp v. Weinberger, 522 F.2d 967, 969 (9th Cir. 1975)(noting that when a disease is known to progress in a degenerative process, evidence of medical deterioration can be probative of a patient's condition at an earlier time). Accordingly, because it is not clear whether Dr. Multani's RFC assessment relates to the pertinent disability period, remand is required.

**E.   REMAND FOR FURTHER PROCEEDINGS**

The decision whether to remand for further proceedings is within the discretion of the district court. Harman v. Apfel, 211 F.3d 1172, 1175-1178 (9th Cir. 2000). Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it

is appropriate to exercise this discretion to direct an immediate award of benefits.  Harman, 211 F.3d at 1179 (decision whether to remand for further proceedings turns upon their likely utility). However, where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate.  Id. Here, as set out above, outstanding issues remain before a finding of disability can be made.  Accordingly, remand is appropriate.

## VI.  ORDERS

Accordingly, **IT IS ORDERED** that:

1. The decision of the Commissioner is **REVERSED**.

2. This action is **REMANDED** to defendant, pursuant to Sentence Four of 42 U.S.C. § 405(g), for further proceedings as discussed above.

3. The Clerk of the Court shall serve this Decision and Order and the Judgment herein on all parties or counsel.

DATED:  May 31, 2007

_____/s/_____
CARLA M. WOEHRLE
United States Magistrate Judge